IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **FRANQUICIAS CALLNET SL,** | |
| **Plaintiff,** | C.A. No. _____ |
| v. | |
| **VERTECTO SERVICES, LLC** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

Plaintiff Franquicias CallNet SL hereby files this complaint against Vertecto Services, LLC, and alleges upon information and belief as follows:

### PARTIES

1. Plaintiff Franquicias CallNet SL ("CallNet") is a legal entity organized and existing under the laws of the country of Spain, with its principal place of business at 28670 - Villaviciosa de Odon – Madrid, Spain. CallNet has been a provider of internet telephony services.

2. Defendant Vertecto Services, LLC ("Vertecto") is a Delaware limited liability company with its registered office at Harvard Business Services, Inc., 16192 Coastal Hwy, Lewes, DE 19958. Vertecto has its headquarters at 1521 Concord Pike, Suite 301, Wilmington, Delaware 19803.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331. This Court also has jurisdiction under 28 U.S.C. § 1332, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over the Defendant by virtue of its being organized and existing under the State of Delaware, and its presence within this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Defendant Vertecto provides a Transaction Protection System ("TPS"). Its purpose is to protect transactions by assuring sellers that specified funds exist to pay for their services and assuring buyers that funds will be paid to sellers only if the sellers actually deliver the services for which payment is intended. The TPS also allows buyers to pay for services and sellers to receive payments for the sale of services in multiple currencies and to move their respective funds between currencies as required for business.

7. Plaintiff CallNet became a customer of Defendant Vertecto on or about September 8, 2012.

8. By virtue of Plaintiff's use of Vertecto's Transaction Protection System, Plaintiff and Defendant entered into the TRANSACTION PROTECTION SYSTEM AGREEMENT ("TPS Agreement"), a copy of which is attached as Exhibit A. This Agreement is binding on Vertecto and it defined the relationship between Plaintiff and Vertecto.

9. Under the TPS Agreement, Vertecto agreed to hold Plaintiff's funds separate from its corporate funds, to not use Plaintiff's funds for its operating expenses, or to make Plaintiff's funds available for benefit of Vertecto's creditors. Funds are deemed to be received by Vertecto when the funds have cleared in the accounts maintained by Vertecto and are not subject to reversals, charge-backs, claims, recall, stop order, or cancellation.

10. Further, under the TPS Agreement, Plaintiff had an absolute right to withdraw at any time and from time to time its funds being held in escrow by Vertecto, subject only to existing obligations of pending Projects (as defined in the TPS Agreement) and the normal transaction charges in the Vertecto pricing sheet.

11. Defendant Vertecto was also obligated to transfer to Plaintiff all funds to which it was entitled from completed Projects (as defined in the TPS Agreement).

12. In accordance with the TPS Agreement, Plaintiff designated the bank and account to which all transfer of funds were to be made. Until the chargeable acts specified below, Defendant Vertecto did transfer to Plaintiff such funds as were placed into escrow with Defendant.

13. As of November 21, 2012, Plaintiff was due $94,350.00 from Vertecto, the amount representing the amount that Vertecto was holding in escrow for the benefit of Plaintiff, and to which Plaintiff was entitled under the terms of the TPS Agreement. See attached Exhibit B reflecting that such funds were due to Plaintiff. Nevertheless, Defendant Vertecto has refused to transfer Plaintiff's funds to Plaintiff without any right or authority.

14. In addition to refusing to transfer Plaintiff's funds to Plaintiff, and as shown in Exhibit B, Defendant Vertecto falsely indicated on the account record for Plaintiff that Vertecto had transferred the funds to Plaintiff. No such funds were ever transferred to Plaintiff by Vertecto. Upon information and belief, Vertecto has converted the $94,350.00 due to Plaintiff from Vertecto and falsified its records to reflect a transfer to Plaintiff that had never occurred.

15. In addition, Plaintiff had utilized the escrow services of Vertecto to conduct a Project with a third-party, Azur Telecom, for which Plaintiff was entitled to receive $73,003.95. Azur Telecom had place at least that amount of funds into escrow with Defendant Vertecto to pay for the services provided by Plaintiff for Azur Telecom in accordance with the TSP Agreement. As reflected in Exhibit C, Vertecto had in escrow well over that amount in escrow to pay Plaintiff the sum of $73,003.95. Azur Telecom advised Plaintiff in writing that it had approved payment of that amount from its escrow account to Plaintiff. Nevertheless, Defendant Vertecto, without any right or authority, terminated Plaintiff's ability to access the Vertecto network to issue an invoice against the escrow amount. Thus, effectively, Vertecto has refused to transfer to Plaintiff the amount of $73,003.95 which belongs to Plaintiff.

16. Upon information and belief, Vertecto has converted the $73,003.95 due to Plaintiff from Vertecto from the Azur Telecom escrow.

17. Plaintiff CallNet has made a demand upon Defendant Vertecto to transfer the amounts of $94,350.00 and $73,003.95, or a total of $167,353.95. A copy of the demand letter is attached as Exhibit D. Defendant Vertecto never responded to the demand letter .

## COUNT I
### (BREACH OF AGREEMENT)

18. Plaintiff CallNet incorporates and realleges paragraphs 1- 17.

19. Defendant Vertecto breached the TPS Agreement by refusing to transfer the amounts of $94,350.00 and $73,003.95, which Defendant Vertecto was obligated to transfer to Plaintiff CallNet.

20. Defendant's acts have injured Plaintiff. Accordingly, Plaintiff is entitled to recover damages adequate to compensate it for such injury.

## COUNT II
### (CONVERSION)

21. Plaintiff CallNet incorporates and realleges paragraphs 1- 17.

22. Defendant Vertecto breached the TPS Agreement by refusing to transfer the amounts of $94,350.00 and $73,003.95, which Defendant Vertecto was obligated to transfer to Plaintiff CallNet.

23. Defendant's acts have injured Plaintiff. Accordingly, Plaintiff is entitled to recover damages adequate to compensate it for such injury.

## COUNT III
### (BREACH OF FIDUCIARY DUTY)

24. Plaintiff CallNet incorporates and realleges paragraphs 1- 17.

25. Defendant Vertecto was a trustee of the escrow funds deposited with Vertecto for the benefit of Plaintiff CallNet. Vertecto specifically held the sums of $94,350.00 and $73,003.95 in trust for the benefit of Plaintiff CallNet.

26. As trustee, Defendant Vertecto owed fiduciary duties of care, good faith and loyalty to Plaintiff CallNet.

27. The above-described actions and omissions by Defendant Vertecto were intentional and in deliberate disregard of the interests of Plaintiff CallNet and outside the bounds of reason.

28. The above described actions and omissions by Defendant Vertecto also constituted unfair self-dealing, the unfair elevation of Defendant's interest above those of Plaintiff CallNet, and the unfair and unjust pursuit and receipt of benefits at the expense of Plaintiff CallNet.

29. Accordingly, Defendant Vertecto breached its fiduciary duties to Plaintiff, and such breach constitutes, without limitation, breach of trust. Defendant knew and knows, or in the alternative should have known, that its actions and omissions constitute a breach of trust.

30. Defendant's acts have injured Plaintiff.

## COUNT IV
## (RICO, 18 U.S.C. § 1962(c))

31. Plaintiff CallNet incorporates and realleges paragraphs 1- 30.

32. At all relevant times, Defendant Vertecto was a "person" and a member of an "enterprise" engaged in or the activities of which affected interstate or foreign commerce, within the meaning of 18 U.S.C. § 1961(3) and (4).

33. Defendant Vertecto did conduct or participate, directly or indirectly, in the conduct of the affairs of the Enterprise through a "pattern of racketeering activity," within the meaning of 18 U.S.C. § 1961(1), and specifically Defendant transmitted or caused to be transmitted by means of wire or radio communications in interstate or foreign commerce, writings, signs, signals and pictures, for the purpose of executing its scheme

or artifice to defraud Plaintiff. The pattern of racketeering is established by the three separate acts identified above.

34. Defendant's failure to respond to the demand letter while retaining at least $167,353.95 of Plaintiff's funds which were placed in trust with Defendant, coupled with the deceptive indication in the records that money was transferred to Plaintiff, demonstrates RICO culpability. Defendant Vertecto, within the meaning of 18 U.S.C. § 1962(c), associated with an enterprise engaged in, and the activities of which affect, interstate and foreign commerce, to conduct such enterprise's affairs through a pattern of racketeering activity.

35. Defendant's acts have injured Plaintiff. Accordingly, Plaintiff is entitled to recover damages adequate to compensate it for such injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter judgment against Defendant and against Defendants' subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate Plaintiff for the injury that has occurred, together with prejudgment interest from November 20, 2012;

B. An accounting of the funds held by Defendant in escrow;

C. A permanent injunction prohibiting further unlawful activities;

D. All relief available to Plaintiff under provided under 18 U.S.C. § 1964; and

E. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: March 21, 2013            /s/ *George Pazuniak*
                                 George Pazuniak (DE Bar No. 478)
                                 PAZUNIAK LAW OFFICE LLC
                                 1201 North Orange Street
                                 7th floor, Suite 7114
                                 Wilmington, DE 19801-1186
                                 Tel: 302-478-4230
                                 GP@del-iplaw.com

                                 *Attorneys for Plaintiff Franquicias CallNet SL*