IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | )  |
|---|---|
| FRANQUICIAS CALLNET SL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-459-GMS |
| | ) |
| VERTECTO SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff, Franquicias CallNet SL ("CallNet"), filed a Complaint against Defendant Vertecto Services, LLC ("Vertecto") on March 21, 2013. (D.I. 1.) In its Complaint, CallNet alleges Breach of Agreement, Conversion, Breach of Fiduciary Duty, and violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 et seq. (*Id.*) On March 10, 2015, following completion of discovery,[1] CallNet filed a Motion for Summary

---

[1] Counsel for Vertecto requested additional discovery in the body of the Answering Brief to CallNet's Motion for Summary Judgment under Rule 56(d). (*See* D.I. 46 at ¶ 28.) Rule 56(d) was previously numbered as 56(f) and the court will refer to them interchangeably. Vertecto did not provide an affidavit as required by Rule 56(d). The court need not decide the issue of constructive compliance. The Third Circuit "generally denies relief under Rule 56(f) if the purported inadequacy of the record is attributable to the movant's own failure to take advantage of the discovery period, rather than the other party's lack of cooperation." *Bates v. Tandy Corp*, 186 Fed. App'x 288, 291 (3d Cir. 2006).

The proffered reasons for Vertecto's failure to comply boil down to a strategic decision and do not amount to a proper justification for inaction under the rules. As such, the court finds no good cause to overlook Vertecto's dilatory activities and re-open discovery. *See Dowling v. City of Philadelphia*, 855 F.2d 136, 139–40 (3d Cir. Aug. 26, 1988) ("This Court has interpreted Rule 56(f) as imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."); *Koehnke v. City of McKeesport*, 350 F. App'x 720, 723 (3d Cir. Oct. 28, 2009) ("A party that cannot present facts essential to justify its opposition may—and, indeed, must—show by affidavit, how evidence of such facts would preclude summary judgment.") (quoting *Bradley v. United States*, 299 F.3d 197, 206 (3d Cir. 2002)); *see also Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986) (finding that party's failure to conduct expert discovery within given period imposed "obligation to provide the court with a record which affirmatively demonstrates, with specificity, diligent efforts on his or her part and unusual circumstances which have frustrated those efforts."). Vertecto admits

Judgment pursuant to Federal Rule of Civil Procedure 56(c) (D.I. 38), asserting that Vertecto cannot present any evidence on motion or at trial.[2] (D.I. 39 at 8.) Presently before the court is CallNet's Motion for Summary Judgment. (D.I. 38.) For the reasons that follow, the court will grant CallNet's motion.

## II. BACKGROUND

CallNet is a legal entity organized and existing under the laws of the country of Spain, with its principal place of business in Madrid, Spain. (D.I. 40, ¶ 3.) CallNet functions as a router of telecommunication to smaller telecommunication companies that do not have the ability to efficiently obtain routing of calls through owners of major telecommunication infrastructures. (*Id.*, ¶ 4.) CallNet's customers route calls to CallNet, and CallNet then routes the calls to the destination, which is usually the local telecommunication provider. (*Id.*, ¶ 5.)

Vertecto is a Delaware limited liability company. (D.I. 5, ¶ 2.) Vertecto provides an online Transaction Protection System ("TPS"). Vertecto's system allows buyers and sellers of telecommunication capacity to enter into "Projects" online, by which sellers sell telecommunication minutes to buyers. (*Id.*, ¶ 6.) The Vertecto system is designed such that the buyers place funds into escrow with Vertecto, and then, upon the seller providing the telecommunication minutes, the escrow is disbursed to the seller. (*Id.*, ¶ 9.)

In August 2012, CallNet and a customer, Azure Telecom ("Azure") entered into an agreement for CallNet to provide communication transmissions for Azure and its customers. (D.I. 40, ¶ 7.) CallNet and Azure agreed to use the services of Vertecto to route payment between the

---

that it chose not to pursue discover of its former president—Jeffrey Ellentuck—to avoid making him hostile in the future. (D.I. 45-2, ¶ 20.) Vertecto made a strategic decision and must now deal with the consequences of that choice.

[2] CallNet's Motion for Summary Judgment pertains to two of the four claims at issue in its Complaint— Counts I and II. Count III is for "Breach of Fiduciary Duty" and Count IV claims a violation of RICO, 18 U.S.C. § 1962(c).

2

entities. (*Id.*, ¶ 10.) CallNet established an account with Vertecto and signed the standard agreement found on the Vertecto website. (D.I. 42 at 2–17.) The escrow system involving Azure and CallNet as trading partners on Vertecto's system functioned normally until November 21, 2012 at which point two issues arose. (D.I. 40, ¶ 17.) First, records show that CallNet uploaded an invoice for $94,370.19 directed to Azure. (D.I. 42 at 30.) While the electronic ledger shows a "Customer Withdrawal" on November 21, 2012 in the amount of $94,350.00 plus fees the funds were never wired or otherwise transferred by Vertecto to CallNet. (D.I. 40, ¶¶ 19–20.) A second dispute arose involving a separate sub-project in which Azure had made $87,692.70 available in escrow to compensate CallNet for its services. (*Id.*, ¶ 22; D.I. 42 at 47.) CallNet was entitled to $73,003.95 based on services it had provided to Azure. (D.I. 42 at 31.) When CallNet attempted to upload the appropriate invoice it found that it was "locked out" of the Vertecto website. (D.I. 40, ¶ 24.) CallNet requested that Azure wire the money directly to CallNet but could not do so because Vertecto had similarly "locked" Azure from the website. (*Id.*, ¶ 25.)

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986). A fact is material if it "could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). There is a genuine issue "if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* When determining

3

whether a genuine issue of material fact exists, the district court must view the evidence in a light most favorable to the nonmoving party and draw inferences in that party's favor. *See Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party is able to demonstrate an absence of disputed material facts, the nonmoving party must then "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citing FED. R. CIV. P. 56(e)).

Importantly, the mere existence of some evidence in support of the nonmoving party will not prove sufficient for denial of a summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the nonmoving party must present enough evidence to enable a jury to reasonably find for it on that issue. *Id.* Specifically, the party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Thus, a nonmoving party asserting that a material fact is in dispute must support this assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." *See* FED. R. CIV. P. 56(c)(1). If the nonmoving party fails to make a sufficient showing on an essential element of its case for which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

## IV. DISCUSSION

As a preliminary matter, CallNet asserts that Vertecto cannot present any evidence on motion or at trial. (D.I. 39 at 8.) Vertecto failed to comply with its discovery obligations and

4

produced next to no documents in the case.[3] Inexcusably, Vertecto failed to identify any person with knowledge. As to the substantive claims, CallNet asserts that it is entitled to summary judgment under Count I (Breach of Agreement) and Count II (Conversion). Vertecto argues that CallNet's supporting documents are inadmissible and cannot be considered on a motion for summary judgment. (D.I. 45 at 7–9.)

The court examines the parties' arguments below.

### A. Vertecto Breached its Agreement with CallNet

Vertecto twice breached the parties' agreement. First by failing to wire the sum of $94,350.00 to CallNet. (D.I. 39 at 10.) Second, by precluding access to CallNet to recover its agreed-upon payment by Azure escrowed on the Vertecto TPS in the amount of $73,003.95. (*Id.* at 10–11.) As discussed above, Vertecto provides no admissible evidence to support the finding of a genuine issue of material fact. Accordingly, the court concludes that CallNet has established it is owed under the contract damages in the amount of $167,353.95 plus prejudgment interest pursuant to 6 *Del. C.* § 2301.

### B. Vertecto Converted CallNet's Funds

Conversion is the "act of dominion wrongfully exerted over the property of another, in denial of his right, or inconsistent with it." *Triton Const. Co. v. E. Shore Elec. Servs., Inc.*, 2009 WL 1387115, at *24 (Del. Ch. May 18, 2009) aff'd, 988 A.2d 938 (Del. 2010) (citations omitted). A claim of conversion is proper if the plaintiff can establish that it made a demand for the property and the defendant refused to deliver. *Id.*; *see also CIT Comm. Finance Corp. v. Level 3 Comm.,*

---

[3] Vertecto attached two inadmissible pieces of evidence in its opposition brief to CallNet's Motion for Summary Judgment. First, Vertecto filed a declaration of its litigation counsel containing legal contentions, not admissible evidence that even if the court were to consider misstates key dates. (D.I. 45-2.) Second, Vertecto attached HSBC Bank records first presented in its answering brief in opposition. Vertecto failed to disclose the documents to CallNet at any point during discovery. The court concludes that this failure was unjustified. *See* F.R.C.P. 37(c)(1).

*LLC*, 2008 WL 2586694, at *2 (Del. Super. June 6, 2008); *Drug, Inc. v. Hunt*, 168 A. 87, 94 (Del. 1933).

As previously stated, there is no genuine dispute as to any material fact. Vertecto's belated attempts to include undisclosed evidence have failed. CallNet provides evidentiary support for its conversion claim and further delay is unwarranted. Accordingly, the court concludes that summary judgment is appropriate as to CallNet's breach of agreement and conversion claims because there is no evidence in the record to support Vertecto's defense.

## V. CONCLUSION

For the aforementioned reasons, the court will grant CallNet's Motion for Summary Judgment (D.I. 38.)

Dated: August 21, 2015

_____
UNITED STATES DISTRICT JUDGE